IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN WILLES | : | |
| | : | |
| v. | : | Civil No. CCB-12-137 |
| | : | |
| WELLS FARGO BANK, N.A. | : | |
| | : | |

## **MEMORANDUM**

KH Funding ("KH"), a subprime mortgage lender, issued "Series 3 Notes" and subordinated "Series 4 Notes" under an indenture with Wells Fargo Bank ("Wells Fargo"). Kevin Willes held Series 4 Notes from that issuance. In this suit, he sues Wells Fargo, alleging it breached its duties to him as a third-party beneficiary of the indenture. Wells Fargo now moves to dismiss for Willes' failure to prosecute his suit or, alternatively, for summary judgment. A week after the completion of briefing on that motion, Willes moved to modify this court's prior scheduling order by extending the deadline for discovery. Willes' motion to modify will be denied, and Wells Fargo's motion for summary judgment will be granted.

## BACKGROUND

The court described the basis of Willes' suit in the memorandum accompanying its order denying Wells Fargo's motion to dismiss Willes' amended complaint, and it will not repeat those allegations here. (*See* Mem. 1–3, ECF No. 40.) After receiving Wells Fargo's answer, the court proposed a scheduling order that would have closed discovery on April 18, 2013. (*See* ECF No. 43.) At the parties' joint request, (*see* ECF No. 44), the court modified that proposal and instead issued a scheduling order that coordinated discovery with *Gresser, et al. v. Wells Fargo Bank,*

*N.A.*, Civil No. CCB-12-987, a putative class action of Series 3 noteholders that raised overlapping questions of fact and law, (*see* ECF No. 45).  Over half a year later, the court again approved the parties' joint proposal to modify the schedule, again to match the discovery deadlines in *Gresser*, which had been extended.  (*See* ECF Nos. 46, 47.)  That scheduling order, which remains in effect, closed fact discovery on November 22, 2013, and expert discovery on March 21, 2014.  (*Id.*)  In the meantime, however, the pace of proceedings in *Gresser* slowed.  On November 13, 2013, the court stayed discovery pending the resolution of a previously filed motion for class certification.  (*See Gresser*, ECF No. 143.)  The court later denied the motion for class certification.  (*See Gresser*, ECF No. 164).  Discovery, however, never resumed.  Instead, in late 2014, *Gresser* was dismissed pursuant to a settlement.  (*See Gresser*, ECF No. 188.)

On November 22, 2013—the day fact discovery in this case concluded and just nine days after discovery was stayed in *Gresser*—the parties filed a court-mandated status report.  (*See* Joint Status Report, ECF No. 48.)  In it, Willes explained that the *Gresser* discovery had overlapped with his case only to the extent of deposing one individual, Robert Harris.  That limited overlap, he suggested, largely derived from the focus of the parties in *Gresser* on the discovery of facts relevant to certification of the proposed class.  (*See id.* at 1.)  Notwithstanding the anticipated relevance of Harris' testimony to Willes' case, Willes did not participate in Harris' deposition, explaining that he had "direct contact" with Harris, which would raise "Willes specific issues that have nothing to do with the class action issues in *Gresser*, and I don't want to seem as if we are wasting the Gresser's [sic] plaintiffs' time."  (*Id.* at 1–2.)  Willes' status report suggested continued coordination with the scheduling order in *Gresser*,

"request[ing] that the discovery deadlines in this case be modified and extended by three months to account for the anticipated resolution of the class certification motion pending" in that case. (*Id.* at 2.) Willes did not move for such an extension until late May 2014, long after the conclusion of the three month period contemplated in his status report.

Wells Fargo took a different position in the joint status report, opposing any extension of time for further discovery. It explained that Willes had failed to timely respond to its interrogatories and requests for production, which it served on January 9, 2013. (*Id.* at 1.) According to Wells Fargo, Willes did not respond to the production requests until May 13, 2013, and the interrogatories some two weeks later—that is, months after the deadline for such responses. (*See id.* at 3.) Wells Fargo added that Willes sought no discovery himself, a representation Willes has never denied. (*Id.*)

## ANALYSIS

### I. Motion to Modify Scheduling Order

In late May 2014, Willes formally moved to modify the scheduling order to coordinate with discovery in *Gresser*. Despite the termination of that litigation, he has not withdrawn his motion.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'Good cause' is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. Lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (internal citations omitted) (quoting *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.

Va. 2001)). Where, as here, a party moves to extend discovery, the question

> is not whether the discovery sought is relevant and would aid resolution of the factual issues at trial. The question before the court is whether Plaintiff has shown that despite her counsel's diligence and good faith efforts the discovery deadlines could not be met and that there is a good cause to permit additional discovery at this late stage in the litigation.

*Id.* at 384 (quoting *Dent v. Montgomery Cnty. Police Dep't*, Civil No. DKC-08-886, 2011 WL 232034, at *2 (D. Md. Jan. 24, 2011)).

Willes has not satisfied that diligence standard. In the first place, he does not explain why he filed this motion to modify so late—six months after the scheduled conclusion of fact discovery, two months after the conclusion of expert discovery, and nearly seven weeks after Wells Fargo moved to dismiss for failure to prosecute. *See id.* at 384 (requiring justification for filing a motion to extend discovery "one day prior to the . . . discovery deadline"). That unexplained tardiness is reason enough to justify denying his motion.

Even if Willes did explain his tardy motion, it would not help him, for he has made no effort whatsoever to discover facts relevant to his case in the substantial period for discovery the court has already permitted. Although the court twice extended its initial proposed discovery deadline, Willes has not even initiated that process. And although he supposedly wishes to coordinate with the *Gresser* plaintiffs, he has not once participated in discovery in that case nor attempted to uncover facts peculiar to his own cause of action. He acknowledges, for example, that he would have had to ask Harris substantially different questions than the *Gresser* plaintiffs, but appears never to have deposed Harris separately. Nor could he have relied on *Gresser* in good faith; the court stayed discovery in that case only days before the scheduled conclusion of fact discovery in his own lawsuit, before the *Gresser* parties had turned up any overlapping facts.

In any case, discovery in that case never resumed and now never will.

Willes' utter disregard for the discovery deadlines is the very opposite of diligence and does not constitute good cause for modification. His motion to modify the schedule will be denied.

**II. Motion for Summary Judgment**

Wells Fargo moves to dismiss for failure to prosecute or, alternatively, for summary judgment. Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Wells Fargo argues that Willes cannot prove breach or damages without expert testimony, which he failed to prepare or disclose during discovery. (*See* Mot. Dismiss 10–15.) Willes does not object to that argument; his opposition does not mention it at all. He has thus abandoned his claim, which is reason enough to grant summary judgment in favor of Wells Fargo. *See, e.g.*, *Ross v. Cecil Cnty. Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 626 (D. Md. 2012).[1]

---

[1] Wells Fargo charitably interprets Willes' silence as an implied argument that discovery should be reopened to permit him to acquire facts necessary to oppose Wells Fargo's motion for summary judgment. (Reply Mot. Dismiss 6, ECF No. 56.) But nowhere does Willes expressly articulate such an argument. Certainly he does not support any such tacit argument with an affidavit stating that he "cannot present facts essential to justify [his] opposition," as Federal Rule of Civil Procedure 56(d) requires. Nor does he so much as mention Rule 56(d). Where, as here, a plaintiff "never filed any discovery requests, [timely] moved for a continuance so she could conduct discovery, or filed an affidavit as required by Rule 56([d])," summary judgment is proper without permitting any additional time for discovery. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). In any case, the court has denied Willes' belated motion to extend discovery, *see supra* Part I, so whatever facts he might need to justify his opposition now lie beyond his reach.

Even were it otherwise, Wells Fargo is correct that Willes cannot prove that Wells Fargo breached the standard of care required by the indenture or the magnitude of the ensuing damages. "Where the plaintiff alleges negligence by a professional, expert testimony is generally necessary to establish the requisite standard of care owed by the professional." *Schultz v. Bank of Am., N.A.*, 990 A.2d 1078, 1086 (Md. 2010). That rule applies unless "the alleged negligence, if proven, would be so obviously shown that the trier of fact could recognize it without expert testimony." *Id.* In the complicated context of a bank's duty to its customers, paying a check "indorsed with only part of the payee's name" or releasing collateral with inadequate security constitute such "obvious" breaches that no expert testimony is required. *Id.* at 1087. By contrast, adding a second person's name to the plaintiff's account on the basis of an alleged forgery *does* require expert testimony. *Id.* at 1090.

Expert testimony is almost certainly necessary in the far more complicated context presented here, in which Willes' case turns on the appropriate standard of care for an indenture trustee on notes backed by subprime mortgages. *Cf. LNC Invs., Inc. v. First Fid. Bank*, No. 92CIV7584-CSH, 2000 WL 1024717, at *3 (S.D.N.Y. July 25, 2000) (highlighting, under New York law, "[t]he need for expert opinion" where a banking malpractice case arose "within the complex and specialized setting of trust indentures, high corporate finance, and bankruptcy law").[2] Similarly, estimating the magnitude of Willes' damages would seem to require expert testimony as to the value of his notes had Wells Fargo issued a Notice of Default at a prudent time. *See Jones v. Koons Auto., Inc.*, Civil No. DKC-09-3362, 2013 WL 3713845, at *7 (D. Md. July 15, 2013) (granting summary judgment, under Maryland tort law, where a plaintiff failed to designate an expert whose testimony was necessary to demonstrate the magnitude of devaluation

---

[2] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

of a car); c*f. LNC Invs.*, 2000 WL 1024717, at *3.  Certainly Willes does not argue otherwise.  Nor does he offer any proof of the expert testimony he would seemingly require at trial.  Because he "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial,'" summary judgment is proper.  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

Accordingly, the court will grant summary judgment in favor of Wells Fargo.

## CONCLUSION

For the reasons stated above, Willes' motion to modify the scheduling order will be denied and Wells Fargo's motion for summary judgment will be granted.

A separate order follows.

<u>March 16, 2015</u>    <u>         /S/                           </u>
Date    Catherine C. Blake
    United States District Judge